

DAVID E. RICE
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| **In Re:** | * | |
| **JASON WHITNEY BRIDGES and** | * | **Case No. 13-10579-DER** |
| **ALLYSIN ELIZABETH BRIDGES** | * | |
| **Debtors** | * | **Chapter 11** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CONSENT ORDER CONFIRMING PLAN OF REORGANIZATION

The Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated August 12, 2013, filed by Jason Whitney Bridges and Allysin Elizabeth Bridges, Debtors, on August 12, 2013 (Docket No. 66) (the "Plan") having been transmitted to creditors and parties in interest as authorized by Order dated January 7, 2014, entered January 7, 2014 (Docket No. 105); and

It having been determined after hearing on notice on February 12, 2014, that the Plan is fair and equitable and provides a distribution greater than would be received under Chapter 7 and that the requirements for confirmation set forth in 11 U.S.C. §§ 1129(a) and 1129(b)(1) have been satisfied; and upon the consent of the parties to the modifications to the Plan, it is,

therefore, by the United States Bankruptcy Court for the District of Maryland determined:

1. The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code.

2. The Debtors have complied with the applicable provisions of Chapter 11 of the Bankruptcy Code.

3. The Plan has been proposed in good faith and not by any means forbidden by law.

4. The Debtors have disclosed all payments for services, costs, and expenses in connection with the Plan and incident to the Chapter 11 proceeding.

5. With respect to each class of creditors, each holder of a claim or interest of such class has either accepted the Plan or will receive under the Plan on account of such claim not less than the amount that such holder would receive if the assets of the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on the date of confirmation; or that each holder of claim of such class will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claims.

6. Pursuant to 11 U.S.C. § 1129(b), the Plan does not discriminate unfairly and is fair and equitable with respect to the unsecured creditors in Class 8 that have not accepted the Plan by the requisite majorities of 11 U.S.C. § 1126(c).

7. Creditors holding priority and administrative claims as described in 11 U.S.C. § 1129(a)(9) are being paid in accordance with the provisions of the Bankruptcy Code.

8. As least one class of claims, Class 1 Homewood Federal Savings Bank, Class 2 M & T Bank, N.A., Class 3 Bank of America, N.A., Class 4 Wells Fargo Bank, N. A.,  and Class 8

Case 13-10579   Doc 124   Filed 03/11/14   Page 3 of 12

General Unsecured Creditors, have accepted the Plan, determined without including any acceptance of the Plan by any insider holding a claim of such class.

9. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors.

The requirements for confirmation set forth in 11 U.S.C. § 1129(a) have been satisfied; it is, therefore, by the United States Bankruptcy Court for the District of Maryland

ORDERED that the Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated August 12, 2013, filed on August 12, 2013 (Docket No. 66) by Jason Whitney Bridges and Allysin Elizabeth Bridges, Debtors, be, and the same is hereby, modified to provide as follows:

ORDERED, that Article IV, Section 1. of the Plan regarding Homewood Federal Savings Bank is modified to provide:

**1.Class 1.** The Class 1 Allowed Secured Claim of Homewood Federal Savings Bank (hereinafter "Homewood"), an undersecured creditor, which is secured by a first priority deed of trust lien on the Debtors' multi-family rental property known as 712 Gorsuch Avenue, Baltimore City, Maryland 21218 (the "712 Gorsuch Avenue Property") shall be equal <u>to Homewood's total claim of $276,961.00</u> rather than the agreed $152,000.00 value of the 712 Gorsuch Avenue Property. <u>Pursuant to Homewood 's election under Bankruptcy Code §1111(b)(2), Homewood shall retain a lien on the Gorsuch Avenue Property equal to the total amount of Homewood's $276,961.00 claim.</u> The Debtors and Homewood acknowledge that the Debtors have paid to Homewood  $14,163.50 in thirteen monthly adequate protection payments during the period from February 1, 2013 through February 2014, which $14,163.50 amount has been applied to pay down Homewood's total claim of $276,961.00 to a current claim balance of $262,797.50.

3

The stream of payments by which the Debtors shall pay the balance of Homewood's total claim shall have <u>a present value of at least $152,000.00, the value of Homewood's interest in the estate's interest in the 712 Gorsuch Avenue Property, that is, the $152,000.00 value of the collateral, in accordance with the legal principles and rationale set forth in the case of First Federal Bank of California v. Weinstein (In re Weinstein), 227 B.R. 284, 294 (B.A.P. 9th Cir. 1998).</u> The application of an agreed 5.5% interest rate to the $152,000.00 agreed value of the 712 Gorsuch Avenue Property amortized over the remaining 26 year term of Homewood's deed of trust loan generates a stream of payments of $916.78 per month, which the Debtors shall pay to Homewood for each of the 240 consecutive months beginning with the March 1, 2014 payment for March 2014 and ending with a final balloon payment to Homewood on February 1, 2034 in the amount of $43,686.69, which shall pay in full the total amount of Homewood's <u>$276,961.00 claim</u> within 20 years from the effective date of the Plan.

In addition to the monthly principal and interest payment of $916.78, the Debtors shall pay to Homewood, and Homewood has agreed to accept from the Debtors, for each of the first 240 months of the Plan the amount of $218.89, which amount constitutes one-twelfth (1/12) of the current yearly real property taxes assessed by Baltimore City, Maryland against the 712 Gorsuch Avenue Property, which tax escrow amount shall be subject to annual adjustment, for a total monthly Plan payment of $1,135.67.

Furthermore, the Debtors in addition shall pay to Homewood for each of the first 60 months of the Plan, and Homewood has agreed to accept from the Debtors, the additional monthly amount of $106.86, which shall be paid by Homewood to the Director of Finance of Baltimore City, Maryland in payment of the past due real property taxes assessed against the

4

Gorsuch Avenue Property for the tax years July 1, 2012 through June 30, 2013 and July 1, 2013 through June 30, 2014.

The Debtors' computation of their implementation of their Plan payments in compliance with the provisions of Bankruptcy Code §1111(b)(2) is set forth in the attached Exhibit A, consisting of three documents each in Excel format, which Exhibit A is incorporated by reference in this Consent Order.

Having made its election under Bankruptcy Code § 1111(b)(2), Homewood acknowledges that it has waived its unsecured deficiency claim; and it is further

ORDERED that Article IV, Section 2 of the Plan regarding M & T Bank, N.A. is modified to provide:

**2. Class 2.** The Class 2 Allowed Secured Claim of M & T Bank, N.A. ("M & T"), which is secured by a first priority deed of trust lien on the Debtors' multi-family rental property known as 1813 Saint Paul Street, Baltimore, MD 21201 (the "1813 Saint Paul Street Property") shall be paid through the modification of the subject deed of trust loan, specifically the reduction of the loan principal amount to $168,000.00, the fair market value of the 1813 Saint Paul Street Property, the annual fixed interest rate of 4.25% for the remaining 24.42 years (24 years and 5 months) term of the deed of trust loan from December 2013 through April 1, 2038, which results in a new monthly principal and interest payment of $904.78. The new monthly loan payment shall be comprised of the new monthly principal and interest payment of $904.78 and the appropriate monthly escrow amounts for real property taxes, $141.67, and for insurance, $151.08, which escrow amounts for taxes and insurance may change in the future based on changes in tax assessments and insurance premiums, resulting in the new monthly deed of trust loan payment of $1,197.53, the first of which monthly deed of trust loan payment shall be made

by the Debtors for the month of February 2014. M & T, the secured creditor, which is the holder of the allowed secured claim in this secured Class, shall retain the lien securing such claim to the extent of the allowed amount of such claim, whether the property subject to such lien is retained by the Debtors or transferred to another entity, in accordance with the provisions of Bankruptcy Code § 1129(b)(2)(A)(i)(I).

The Allowed Unsecured Claim of M & T in the amount of $203,598.02 ($371,598.02 [Proof of Claim 14] - $168,000.00) shall be paid on a *pro rata* basis as a member of the Class 8 General Unsecured Claims, as set forth in the Debtors' Chapter 11 Plan of Reorganization; and it is further

ORDERED, that Article IV, Section 3. of the Plan regarding Bank of America, N.A. is modified to provide:

**3. Class 3.** The Class 3 Allowed Secured Claim of Bank of America, NA, which is secured by a first priority deed of trust lien on the 835 Hollins Street Property and by a recorded assignment of the cash collateral rental income from the 835 Hollins Street Property, shall be paid through the modification of the subject deed of trust loan, specifically the reduction of the loan principal amount to $157,000.00, the fair market value of the 835 Hollins Street Property, the annual fixed interest rate of 4.75% for the remaining 22.083 year term of the deed of trust loan from January 12, 2013 through February 1, 2035, which results in a new monthly principal and interest payment of $981.00. The new monthly loan payment shall be comprised of the new monthly principal and interest payment of $981.00 and the appropriate monthly escrow amounts for real property taxes, $539.00, and for insurance, $188.00, resulting in the new monthly deed of trust loan payment of $1,708.00. Bank of America, NA, the secured creditor, which is the holder of the allowed secured claim in this secured Class, shall retain the liens securing such

claim to the extent of the allowed amount of such claim, whether the property subject to such liens is retained by the Debtors or transferred to another entity, in accordance with the provisions of Bankruptcy Code § 1129(b)(2)(A)(i)(I). The Allowed Unsecured Claim of Bank of America, NA in the amount of $172,682.112 ($329,682.11 [Proof of Claim 13] - $157,000.00) shall be paid on a *pro rata* basis as a member of the Class 8 General Unsecured Claims, as set forth in the Debtors' Chapter 11 Plan of Reorganization; and it is further

ORDERED, that Article IV, Section 4 of the Plan regarding Wells Fargo Bank, N.A. is modified to provide:

**4. Class 4.** The Class 4 Allowed Secured Claim of Wells Fargo Bank, NA. ("Wells Fargo"), which is secured by a first priority deed of trust lien on the 818 Hollins Street Property, shall be treated as a secured claim in the amount of $272,000.00, the fair market value of the 818 Hollins Street Property, the annual fixed interest rate of 4.50%, and amortized over 320 months with payments commencing March 1, 2014. The new principal and interest monthly payment shall be $1,461.05. Creditor will continue to collect a monthly escrow payment for this loan. The monthly escrow payment, subject to periodic adjustment, is anticipated to be $702.45. The total monthly payment due will be $2,163.50. The allowed unsecured claim of Wells Fargo Bank, NA in the amount of $200,876.32 shall be paid on a pro rata basis as a member of the Class 8 General Unsecured Claims; and it is further

ORDERED, that separately, Class 4 post petition Tax disbursements in the amount of $4,479.09 and post petition hazard insurance disbursements in the amount of $1,919.00 shall be cured through monthly payments by the Debtors in the amount of $106.63 per month for 60 months commencing on the effective date of the Plan; and it is further

7

ORDERED, that Wells Fargo Bank, NA, the secured creditor, which is the holder of the allowed secured claim in this secured Class 4, shall retain the lien securing such claim to the extent of the allowed amount of such claim, whether the property subject to such lien is retained by the Debtors or transferred to another entity, in accordance with the provisions of Bankruptcy Code § 1129(b)(2)(A)(i)(I); and it is further

ORDERED, that Article IV, Section 5 of the Plan regarding Susquehanna Bank is modified to provide:

**5. Class 5.** The Class 5 Allowed Secured Claim of Susquehanna Bank, which is secured by a first priority security interest on the Debtors' automobile, a 2007 Hyundai Santa Fe, shall be paid through the modification of the subject loan, specifically the reduction of the loan principal amount to $9,320.00, the fair market value of the 2007 Hyundai Santa Fe, the annual fixed interest rate of 3.75%, for the remaining 2.915 year term of the retail installment loan from January 12, 2013 through December 1, 2015, which results in a new monthly principal and interest payment of $281.68. The Allowed Unsecured Claim of Susquehanna Bank shall be paid on a *pro rata* basis as a member of the Class 8 General Unsecured Claims; and it is further

ORDERED, that Susquehanna Bank, the secured creditor, which is the holder of the allowed secured claim in this secured Class, shall retain the lien securing such claim to the extent of the allowed amount of such claim, whether the property subject to such lien is retained by the Debtors or transferred to another entity, in accordance with the provisions of Bankruptcy Code § 1129(b)(2)(A)(i)(I); and it is further

ORDERED that the Plan of Reorganization under Chapter 11 of the Bankruptcy Code dated August 12m 2013 filed by Jason Whitney Bridges and Allysin Elizabeth Bridges, Debtors,

on August 12, 2013 (Docket No. 66), and all of its provisions, terms and conditions as modified by the preceding decretal paragraphs, be, and the same is hereby confirmed; and it is further

ORDERED that the Debtors shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) as amended. After confirmation, the reorganized Debtors shall file and serve on the United States Trustee post-confirmation progress reports every six (6) months until a final certification and report is filed, as required by Local Rule 3022-1.

AGREED AND CONSENTED TO:

| | |
|---|---|
| Homewood Federal Savings Bank | M&T Bank, N.A. |
| Secured Creditor | Secured Creditor |
| Re: 712 Gorsuch Ave. Baltimore, MD21218 | Re: 1813 Saint Paul Street, Baltimore, MD 21201 |
| By Counsel: | By Counsel: |
| /s/Robert J. Parsons | /s/Brian McNair |
| Robert J. Parsons, II, Esq. | Brian McNair, Esq. |
| Trial Bar No.02978 | Trial Bar No. 25270 |
| Dated: February 26, 2014 | Dated: February 12, 2014 |
| Rogers, Moore & Rogers, LLP | Covahey, Boozer, Devan & Dore, P.A. |
| 6 S. Calvert Street | 11350 McCormick Road |
| Baltimore, MD 21202 | Executive Plaza III, Suite 200 |
| Tel. No. (410) 727-4456 | Hunt Valley, MD 21031 |
| Fax No. (443) 524-0835 | Tel. No. (443) 541-8600 |
| Email: rparsons@rmandr.com | Email: bankruptcy@mdmtglaw.com |
| With respect to the provisions related to | With respect to the provisions related to |
| Homewood Federal Savings Bank | M & T Bank, N.A. |
| | |
| Wells Fargo Bank, N.A. | Bank of America, N.A. |
| Secured Creditor | Secured Creditor |
| Re: 818 Hollins Street, Baltimore, MD 21201 | Re: 835 Hollins Street, Baltimore, MD 21201 |
| /s/ Christina M. Williamson | /s/Kimberly B. Lane |
| Christina M. Williamson, Esq. | Kimberly B. Lane, Esq. |
| Trial Bar No.16813 | Trial Bar No. 25270 |
| Dated: February 26, 2014 | Dated: February 18, 2014 |
| BWW Law Group, LLC | Samuel I. White, P.C. |
| 4520 East West Highway, Suite 200 | 611 Rockville Pike, Suite 100 |
| Bethesda, MD 20814 | Rockville, MD 20852 |
| Tel: (301) 961-6555 | Tel.: (301) 804-3400 |
| Fax: (301) 961-6545 | Fax: (301) 838-1954 |
| Email: bankruptcy@bww-law.com | Email: klane@siwpc.com |
| With respect to the provisions related to | With respect to the provisions related to |
| Wells Fargo Bank, N.A. | Bank of America, N.A. |

| | |
|---|---|
| Jason Whitney Bridges | Susquehanna Bank |
| Allysin Elizabeth Bridges | Secured Creditor |
| Debtors in Possession | Re: 2007 Hyundai Santa Fe |
| By Counsel: | By Counsel: |
| /s/Rudolph E. DeMeo | /s/ Craig B. Leavers |
| Rudolph E. DeMeo, Esq. | Craig B. Leavers, Esq. |
| Trial Bar No. 01221 | Trial Bar No. 26914 |
| Dated: February 26, 2014 | Dated: February 26, 2014 |
| The Law Office of Rudolph E. DeMeo | HOFMEISTER, BREZA & LEAVERS |
| 1449 Light Street | Executive Plaza III |
| Baltimore, MD 21230 | 11350 McCormick Road, Suite 1300 |
| Tel. No.: (443) 453-9351 | Hunt Valley, Maryland 21031 |
| Fax No.: (410) 547-1010 | Tel. No.: (410) 832-8822, Ext. 208 |
| Email: redemeo@gmail.com | Email: CraigL@HBLlaw.com |

**Certification Pursuant to Administrative Order 03-02**

I HEREBY CERTIFY that the terms of the copy of the Consent Order submitted to the Court are identical to those set forth in the original Consent Order, and the signatures represented by the */s/*_____on this copy reference the signatures of consenting parties on the original Consent Order.

/s/Rudolph E. DeMeo
Rudolph E. DeMeo

CC:

Mr. Jason W. Bridges
835 Hollins Street, Apt. 1
Baltimore, Maryland 21201

Mrs. Allysin E. Bridges
10606 Parkridge Lane, Apt. A-3
Cockeysville, Maryland 21030

Rudolph E. DeMeo, Esq.
1449 Light Street
Baltimore, Maryland 21230

redemeo@gmail.com

Edmund A. Goldberg, Esq.
Office of the United States Trustee
Garmatz Federal Court House
101 West Lombard Street, Suite 2625
Baltimore, MD 21201
Edmund.A.Goldberg@usdoj.gov

Brian McNair. Esq.
Mark S. Devan, Esq.
On behalf of  M & T Bank, N.A.
Covahey, Boozer, Devan & Dore,  P.A.
11350 McCormick Road
Exec. Plaza III, Suite 200
Hunt Valley, Maryland 21031
bankruptcy@mdmtglaw.com

Christina M. Williamson, Esq.
Kevin Feig, Esq.
On behalf of Wells Fargo Mortgage,
Division of Wells Fargo Bank, NA
BWW Law Group, LLC
4520 East West Highway, Suite 200
Bethesda, Maryland 20814
bankruptcy@bww-law.com

Kimberly B. Lane, Esq.
On behalf of Bank of America, NA
Samuel I. White, P.C.
913 King Street
Alexandria, Virginia 22314
klane@siwpc.com

Robert J. Parsons, II, Esq.
On behalf of Homewood Federal Savings Bank
Rogers, Moore & Rogers, LLP
6 S. Calvert Street
Baltimore, Maryland 21202
rparsons@rmandr.com

Stephanie  H. Hurley, Esq.
Craig B. Leavers, Esq.
On behalf of Susquehanna Bank
HOFMEISTER, BREZA & LEAVERS
Executive Plaza III

11350 McCormick Road, Suite 1300
Hunt Valley, Maryland 21031
StephanieH@HBLlaw.com
CraigL@HBLlaw.com

David M. Lyon, Esq.
Assistant Attorney General
Office of the Attorney General
300 W. Preston Street
Baltimore, MD 21201
dlyon@oag.state.md.us

## **END OF ORDER**