IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE: | * |
| JASON WHITNEY BRIDGES | * Case No. 13-10579-DER |
| ALLYSIN ELIZABETH BRIDGES, | * Chapter 11 |
| Debtors | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MOTION FOR ORDER DISMISSING
CHAPTER 11 REORGANIZATION CASE

TO THE HONORABLE DAVID E. RICE, U.S. BANKRUPTCY JUDGE:

Homewood Federal Savings Bank ("Homewood"), a creditor of the above-captioned Debtors, Jason Whitney Bridges and Allysin Elizabeth Bridges, herein moves the Court for an order dismissing this Chapter 11 Reorganization case as follows:

Jurisdiction and Venue

1. This Court has jurisdiction over this matter, pursuant to 11 U.S.C.A., Sections 157 and 1334.

2. Venue of this matter is proper, pursuant to 28 U.S.C.A., Section 1408 and 1409(a).

3. This is a "core" proceeding under 28 U.S.C.A., Section 157(b).

4. The statutory basis for this Motion to Dismiss Chapter 11 Case is 11 U.S.C.A., Section 1112(b).

5. This Motion to Dismiss Chapter 11 Case is brought under U.S. Bankruptcy Rule 1017(f) of 11 U.S.C.A.

Statement of Facts

6. The Debtors commenced this case on January 12, 2013 by filing a voluntary petition for relief under Chapter 11 of U.S.C.A. in this Court; Case No. 13-10579-DER.

7. The Debtors filed a proposed Chapter 11 Plan of Reorganization in this Chapter 11 case on August 12, 2013, pursuant to the provisions of 11 U.S.C.A., Section 1121.

8. By Order of this Court entered on March 11, 2014, the Debtors' said Chapter 11 Plan of Reorganization was confirmed, pursuant to 11 U.S.C.A., Section 1129.

9. Despite the express representations of Debtors and their counsel and contrary to the provisions of the Debtors' confirmed Chapter 11 Plan, no plan payments have been made to Homewood on its secured claim whatsoever.  Debtors and their counsel represented to Homewood and its bankruptcy attorney that plan payments would commence on March 1, 2014.  Homewood has received no plan payments from the Debtors for the March 1 and April 1, 2014 plan payments periods.

Legal Arguments

10. The Debtors have the inability to effectuate substantial consummation of their confirmed Plan as is evidenced by their failure to make the required initial plan payments.  11 U.S.C.A., Section 1112(b)(4)(m).

11. The Debtors have committed a material default with respect to their confirmed Chapter 11 Plan by failing to make the initial plan payments required by the Plan.  11 <u>U.S.C.A.</u>, Section 1112(b)(4)(n).

12. The Debtors and their estate are suffering a substantial and continuing loss to or diminution of their assets and estate and have demonstrated, by their failure to make their plan payments, a complete absence of a reasonable likelihood of a successful rehabilitation.  11 <u>U.S.C.A.</u>, Section 1112(b)(4)(A).

13. It is in the best interests of creditors to dismiss the Debtors' Chapter 11 case at this time, so as to conserve estate assets and maximize the return to creditors.

<u>Relief Requested</u>

WHEREFORE, Homewood moves for an order dismissing this Chapter 11 Reorganization case and for such other and further relief as is just and proper.

                          ROGERS, MOORE & ROGERS, LLP

Date:  April 16, 2014    <u>/S/Robert J. Parsons, II</u>
                          ROBERT J. PARSONS, II
                          Trial Bar No. 02978
                          6 S. Calvert Street
                          Baltimore, MD  21202
                          410-727-4456
                          Attorneys for Creditor/Movant
                          Homewood Federal Savings Bank

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 16th day of April, 2014, I mailed a copy of the foregoing Motion for Order Dismissing Chapter 11 Reorganization Case and proposed Order to Jason Whitney Bridges and Allysin Elizabeth Bridges, 17 Ballyhean Court, Timonium, MD 21093, Debtors, and to all persons on the attached List of Creditors filed in this case, and via e-mail to Rudolph E. DeMeo, Esq., Attorney for Debtors, and Edmund A. Goldberg, Esq., Office of the U.S. Trustee.

<u>/S/Robert J. Parsons, II</u>
ROBERT J. PARSONS, II